## UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF FLORIDA

ALLAN JACOB and SANDRA JACOB,
Husband and Wife,

          Plaintiffs,                              Case No.: 8:25-cv-1118

vs.

YISRAEL TAUSSIG, an individual,
MALKA SINGER TAUSSIG, an individual,
RUCHAMA TAUSSIG, an individual, ARLG,
LLC, a New Jersey limited liability company,
HERMAN & SONS, LLC, a New York
limited liability company, HERMAN TAUSSIG,
an individual, and AARON TAUSSIG, an
individual,

          Defendants.

_____/

## COMPLAINT

      Plaintiffs, ALLAN JACOB and SANDRA JACOB ("Plaintiffs"), by and through their undersigned counsel, sue Defendants YISRAEL TAUSSIG ("Taussig"), MALKA SINGER TAUSSIG ("Singer"), RUCHAMA TAUSSIG ("Ruchama"), ARLG LLC ("ARLG"), HERMAN & SONS LLC ("H&S LLC"), HERMAN TAUSSIG ("Herman"), and AARON TAUSSIG ("Aaron") (collectively "Defendants") for FRAUDULENT TRANSFER and CONSPIRACY TO DEFRAUD, and allege as follows:

1

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of Florida and citizens of New Jersey and New York and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. This Court has personal jurisdiction over Defendants pursuant to Florida's long-arm statute because the Defendants committed a tortious act in Florida. Fla. Stat. §48.193(1)(a)(2).

3. Additionally, this Court has personal jurisdiction over Defendants pursuant to Florida's long-arm statute because they own, use, and possess real property within Florida. Fla. Stat. § 48.l93(1)(a)(3).

4. Florida's long-arm statute applies in this case because pursuant to Fed. R. Civ. P. 4(k)(1)(A), a federal court may assert personal jurisdiction over an out-of-state defendant to the same extent as a state court of general jurisdiction in the state where the district court is located.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a substantial part of property that is the subject of this action is situated.

## PARTIES

6. Plaintiffs Allan Jacob and Sandra Jacob are individuals who reside in Miami-Dade County, Florida. Plaintiffs are domiciled in the State of Florida and are citizens of Florida within the meaning of 28 U.S.C. § 1332.

7. Defendants Taussig, Singer, Ruchama, Herman, and Aaron are individuals who reside in Lakewood, New Jersey. Defendants are domiciled in the State of New Jersey and are citizens of New Jersey within the meaning of 28 U.S.C. § 1332.

8.  Defendants Taussig and Singer are husband and wife.

9.  Defendants Herman and Aaron are sons of Defendants Taussig and Singer.

10. Defendant Ruchama is a married to Defendant Aaron; accordingly, she is the daughter-in-law of Defendants Taussig and Singer.

11. Defendant ARLG is a New Jersey limited liability company. Upon information and belief, Ruchama is the sole member of ARLG. Accordingly, ARLG is a citizen of New Jersey within the meaning on 28 U.S.C. § 1332.

12. Defendant H&S LLC is a New York limited liability company. Upon information and belief, Defendants Herman and/or Aaron are the sole members of H&S LLC. Accordingly, H&S LLC is a citizen of New Jersey within the meaning of 28 U.S.C. § 1332.

## FACTS

### The Loan and the Florida Judgment

13. On or about August 2021, Defendants Taussig and Singer, and Bais Yisroel Community Center of Tampa Bay, LLC ("BYCC"), a Florida limited liability company, sought from Plaintiffs a loan of two hundred and fifty thousand dollars ($250,000.00) to purchase a property located in Hillsborough County, Florida.

14. On or about August 2021, Plaintiffs loaned a total sum of two hundred and fifty thousand dollars ($250,000.00) (the "Loan"), evidenced by a promissory note (the "Note"), to Defendants Taussig and Singer, and to BYCC. *See* Exhibit A, Promissory Note.

15. By the terms of the Note, Defendants Taussig and Singer were personal guarantors on the Loan. *See* Exhibit A.

3

16. Defendants Taussig's and Singer's personal guaranty of the Loan were a material inducement to the Plaintiffs' providing the Loan.

17. Repayment of the two hundred and fifty thousand dollars ($250,000.00) Loan was due on August 2, 2023, from Defendants Taussig and Singer to Plaintiffs.

18. Defendants Taussig and Singer defaulted on their Loan, and to date no repayment of the Loan has been made.

19. Defendant Aaron, the son of Defendants Taussig and Singer, told Plaintiff Allan Jacob on or about August 23, 2023, that his parents did not intend to repay the Loan.

20. On November 27, 2023, Plaintiffs filed suit against Defendants Taussig and Singer, and BYCC, for Breach of Contract, Foreclosure on Mortgage Deed, and Unjust Enrichment in the United States District Court for the Middle District of Florida, captioned *Allan Jacob and Sandra Jacob, husband and wife, vs. Bais Yisroel Community Center of Tampa Bay, LLC, Yisrael Taussig and Malka Singer Taussig*; Case No.: 8:23-cv-2703-KKM-AAS (the "Florida Lawsuit").

21. Defendants Taussig and Singer and BYCC failed to answer Plaintiffs' Complaint.

22. On April 29, 2024, the Court entered a Default Judgment against Defendants Taussig, Singer, and BYCC in the amount of $250,000.00, plus attorney's fees and expenses in the amount of $10,106.00 (the "Florida Judgment"). *See* Exhibit B, Certified Copy of Judgment; Exhibit C, Order Awarding Attorney's Fees.

23. To date, despite extensive efforts Plaintiffs have been unable to collect on the Florida Judgment from Defendants Taussig and Singer or from BYCC.

**Defendants Have Intentionally Evaded Execution on the Florida Judgment**

24. While the Florida Lawsuit was pending, Defendants Taussig, Singer, and BYCC sought to sell off all of their assets in order to avoid paying a judgment.

25. Upon information and belief, Defendants Taussig and Singer sold various real estate that they owned to their family members, while still maintaining operational control.

**The Fraudulent Voidable Transfer of 16466 Little Garden**

26. On or about March 14, 2024, 46 Little Garden LLC ("46 LLC"), a Florida limited liability company, sold the property located at 16446 Little Garden Drive, Wimauma, FL 33598 ("16446 Little Garden"), to ARLG, LLC. *See* Exhibit D, Quitclaim Deed.

27. ARLG purchased 16446 Little Garden for $100.00. *See* Exhibit D.

28. 46 LLC was owned by Defendant Singer. *See* Exhibit E, Florida Entity Page.

29. Upon information and belief, 46 LLC was administratively dissolved on September 22, 2023. *See* Exhibit E.

30. ARLG LLC is owned and/or managed by Defendant Ruchama, who is the daughter-in-law of Defendants Taussig and Singer. *See* Exhibit F, Warranty Deed.

31. On or about May 8, 2024, ARLG LLC sold 16446 Little Garden to Herman & Sons, LLC, a New York limited liability company. *See* Exhibit F.

32. H&S LLC purchased 16446 Little Garden for $375,000.00, of which ARLG LLC received $84,525.07. *See* Exhibit G, Settlement Statement.

33. Upon information and belief, H&S LLC is owned by the son(s) of Defendants Taussig and Singer.

34. Notably, Defendant Singer, who is Defendant Ruchama's mother-in-law, is listed as the witness and notary public on the Warranty Deed. *See* Exhibit F.

5

**The Voidable Fraudulent Transfer of 16313 Little Garden Drive**

35.  On or about March 21, 2024, 13 Little Garden, LLC ("13 LLC"), a Florida limited liability company, and Defendant Singer sold the property located at 16313 Little Garden Drive, Wimauma, Florida 33598 ("16313 Little Garden") to H&S LLC.

36. H&S LLC purchased 16313 Little Garden for $345,000.00, of which 13 LLC received $24,070.85. *See* Exhibit H, Settlement Statement.

37. 13 LLC was owned by Defendant Singer. *See* Exhibit I, Florida Entity Page.

38. Upon information and belief, 13 LLC was administratively dissolved on September 22, 2023. *See* Exhibit I.

39. Upon information and belief, H&S LLC is owned by the son(s) of Defendants Taussig and Singer.

40. Defendant Singer was listed on the Warranty Deed for the sale of 16313 Little Garden to H&S LLC, despite not being the owner, as she previously sold the property on or about April 26, 2022, to 13 Little Garden, LLC. *See* Exhibit J, Warranty Deed, and Exhibit K, Quitclaim Deed.

41. Additionally, Defendant Taussig's and Defendant Singer's sons, Defendants Aaron and Herman, were listed as the witnesses on the Warranty Deed. *See* Exhibit J.

42. Defendant Ruchama, who is Defendant Taussig and Defendant Singer's daughter-in-law, was listed as the notary public on the Warranty Deed. *See* Exhibit J.

**The Voidable Fraudulent Transfer of 16313 Little Garden Drive**

43. On or about March 14, 2024, 77 Little Garden, LLC ("77 LLC"), a Florida dissolved limited liability company, and Defendant Singer, sold 16477 Little Garden Drive,

Wimauma, Florida 33598 ("16477 Little Garden") to Simon Weinstock, Trustee of the B Weinstock 2019 Trust ("Weinstock Trust").

44. Weinstock Trust purchased 16477 Little Garden for $345,000.00, of which 77 LLC received $15,213.90. *See* Exhibit L, Settlement Statement.

45. 77 LLC was owned by Defendant Singer. *See* Exhibit M, Florida Entity Page.

46. Upon information and belief, 77 Little Garden LLC was administratively dissolved on September 22, 2023. *See* Exhibit M.

47. Defendant Singer was listed on the Warranty Deed for the sale of 16477 Little Garden to Weinstock Trust, despite not being the owner, as she previously sold the property on or about July 5, 2022, to 77 LLC. *See* Exhibit N, Warranty Deed, and Exhibit O, Quitclaim Deed.

48. The witnesses to Defendant Singer's signature on the Warranty Deed for the sale of 16477 Little Garden were her sons, Defendants Herman and Aaron. *See* Exhibit N.

49. Defendant Ruchama, who is Defendant Taussig's and Defendant Singer's daughter-in-law, was listed as the notary public on the Warranty Deed. *See* Exhibit N.

## ALTER EGO ALLEGATIONS – 46 LLC

50. At all times material hereto, Defendant Singer served as a mere instrumentality of 46 LLC, and each were alter egos of each other.

51. Defendant Singer was the Manager and exercised sole control over 46 LLC.

52. Defendant Singer dominated and controlled all aspects of the company to such an extent that 46 LLC's independent existence, was in fact non-existent, including having signing authority on the bank accounts and making all financial and executive decisions, and deciding, among other things, when and to whom property was to be transferred.

7

53. Defendant Singer used 46 LLC for the improper purpose of hiding assets from creditors, specifically Plaintiffs, and transferring assets to evade obligations.

54. The company form was used for an improper purpose and/or used fraudulently and the fraudulent or improper use of the company form of 46 LLC caused injury to Plaintiffs.

55. Defendant Singer intermingled the funds and assets of 46 LLC for her own personal use and failed to treat them as company assets.

56. 46 LLC was operated and managed with disregard to company formalities.

57. 46 LLC was organized and used for the improper purpose of defrauding creditors, particularly Plaintiffs.

## ALTER EGO ALLEGATIONS – 13 LLC

58. At all times material hereto, Defendant Singer served as a mere instrumentality of 13 LLC, and each were alter egos of each other.

59. Defendant Singer was the Manager and exercised sole control over 13 LLC.

60. Defendant Singer dominated and controlled all aspects of the company to such an extent that 13 LLC's independent existence, was in fact non-existent, including having signing authority on the bank accounts and making all financial and executive decisions, and deciding, among other things, when and to whom property was to be transferred.

61. Defendant Singer used 13 LLC for the improper purpose of hiding assets from creditors, specifically Plaintiffs, and transferring assets to evade obligations.

62. The company form was used for an improper purpose and/or used fraudulently and the fraudulent or improper use of the company form of 13 LLC caused injury to Plaintiffs.

63. Defendant Singer intermingled the funds and assets of 13 LLC for her own personal use and failed to treat them as company assets.

64. 13 LLC was operated and managed with disregard to company formalities.

65. 13 LLC was organized and used for the improper purpose of defrauding creditors, particularly Plaintiffs.

66. When 16313 Little Garden was sold to H&S LLC, Defendant Singer was listed on the Warranty Deed despite the property being solely owned by 13 LLC.

## ALTER EGO ALLEGATIONS – ARLG LLC

67. At all times material hereto, Defendant Ruchama served as a mere instrumentality of ARLG, and each were alter egos of each other.

68. Defendant Ruchama is the Manager and exercises sole control over ARLG.

69. Defendant Ruchama dominates and controls all aspects of the company to such an extent that ARLG's independent existence, is in fact non-existent, including having signing authority on the bank accounts and making all financial and executive decisions, and deciding, among other things, the transfer and purchase of properties.

70. Defendant Ruchama used ARLG for the improper purpose of orchestrating and receiving fraudulent transfers from her mother-in-law, defendant Singer.

71. The company form was used for an improper purpose and/or used fraudulently and the fraudulent or improper use of the company form of ARLG caused injury to Plaintiffs.

72. Defendant Ruchama intermingles the funds and assets of ARLG for her own personal use, and fails to treat them as company assets.

73. ARLG is operated and managed with disregard to company formalities.

74. ARLG was organized and used for the improper purpose of defrauding creditors, particularly Plaintiffs.

9

## COUNT I - FRAUDULENT TRANSFER
(Defendant Singer)

75. Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

76. At all times material to, Defendant Singer was the alter ego of 46 LLC.

77. Defendant Singer, through 46 LLC, fraudulently transferred 16446 Little Garden to ARLG.

78. Defendant Singer orchestrated the transfer of 16446 Little Garden to ARLG after Plaintiffs had already filed suit against defendant Singer for repayment of the $250,000.00 Loan.

79. 16446 Little Garden would have been available for Plaintiffs to collect from but for defendant Singer's conveyance.

80. Defendant Singer, through 46 LLC, transferred 16446 Little Garden to ARLG with the intention to hinder, delay, or defraud Plaintiffs from recovering the $250,000.00 owed to them by defendants Singer and Taussig.

81. The transfer was made to an insider, as ARLG is owned by Defendant Singer's daughter-in-law, Defendant Ruchama.

82. The purchase price was $100.00, which was not reasonably equivalent to the value of the asset transferred.

83. The transfer from 46 LLC to ARLG occurred shortly before the entry of the Florida Judgment in favor of Plaintiffs in the principal amount of $250,000.00.

84. Subsequent to the entry of the Florida Judgment in favor of Plaintiffs, ARLG sold the property to H&S LLC.

85. The transfer was made to an insider, as upon information and belief, H&S LLC is owned by defendant Singer's son(s).

86. At all times material to, and subsequent to the transfer of the property to ARLG, defendant Singer retained possession or control of the property.

87. Defendant Singer made the transfer of 16466 Little Garden with actual intent to defraud her creditors, including Plaintiffs.

88. Defendant Singer received less than reasonably equivalent value in exchange for her transfer of 16466 Little Garden.

89. At the time of Singer's transfer as aforesaid, she (i) was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably believed that it would incur, debts beyond her ability to pay as they became due.

90. By reason of the foregoing, the transfer of 16446 Little Garden constitutes a fraudulent transfer and should be voided and recovered for the benefit of Plaintiffs.

## COUNT II - FRAUDULENT TRANSFER
(Defendant Singer)

91. Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

92. At all times material to, defendant Singer was the alter ego of 13 LLC.

93. 13 LLC and defendant Singer fraudulently transferred 16313 Little Garden to H&S LLC.

94. Defendant Singer transferred 16313 Little Garden to H&S LLC after Plaintiffs had already filed suit against defendant Singer for repayment of the $250,000.00 Loan.

95. 16313 Little Garden would have been available for Plaintiffs to collect from but for defendant Singer's conveyance.

11

96. Defendant Singer transferred 16313 Little Garden to H&S LLC with the intention to hinder, delay, or defraud Plaintiffs from recovering the $250,000.00 owed to them by defendants Singer and Taussig.

97. The transfer was made to an insider, as upon information and belief, H&S LLC is owned by defendant Singer's son(s).

98. At all times material to, and subsequent to the transfer of the property to H&S LLC, defendant Singer retained possession or control of the property.

99. Defendant Singer's name was on the Warranty Deed, even though she was no longer the owner of 16313 Little Garden, as she had previously sold it to 13 LLC.

100. Defendant Singer made the transfer of 164313 Little Garden with actual intent to defraud her creditors, including Plaintiffs.

101. Defendant Singer received less than reasonably equivalent value in exchange for her transfer of 16313 Little Garden.

102. At the time of Singer's transfer as aforesaid, she (i) was engaged or was about to engage in a business or a transaction for which her remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably believed that it would incur, debts beyond her ability to pay as they became due.

103. By reason of the foregoing, the transfer of 16313 Little Garden constitutes a fraudulent transfer and should be voided and recovered for the benefit of Plaintiffs.

## COUNT III - FRAUDULENT TRANSFER
(Defendant ARLG)

104. Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

12

105.    ARLG acquired the property located at 16446 Little Garden in a fraudulent transfer.

106.    ARLG knew of defendant Singer's intent to defraud creditors, particularly the Plaintiffs.

107.    Defendant Singer transferred the property to ARLG shortly before the entry of the Florida Judgment in favor of Plaintiffs in the amount of $250,000.00.

108.    16446 Little Garden would have been available for Plaintiffs to collect from but for defendant ARLG's involvement in its conveyance.

109.    Defendant Singer transferred the property with the intention to hinder, delay, or defraud Plaintiffs from recovering the $250,000.00 owed to them by defendants Singer and Taussig.

110.    ARLG purchased 16446 Little Garden for $100.00, which was not reasonably equivalent to the value of the asset transferred and was far below fair market value.

111.    ARLG did not act in good faith as it knew or should have known of the fraudulent nature of the transfer.

112.    Defendant ARLG made the transfer of 16446 Little Garden with actual intent to defraud its creditors, including Plaintiffs.

113.    Defendant ARLG received less than reasonably equivalent value in exchange for its transfer of 16446 Little Garden.

114.    At the time of ARLG's transfer as aforesaid, it (i) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or

13

reasonably believed that it would incur, debts beyond its ability to pay as they became due.

115. By reason of the foregoing, the transfer of 16446 Little Garden constitutes a fraudulent transfer and should be voided and recovered for the benefit of Plaintiffs.

**COUNT IV – FRAUDULENT TRANSFER**
(Defendant Ruchama)

116. Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

117. At all times material hereto, defendant Ruchama was the alter ego of ARLG.

118. Defendant Ruchama, acting as the alter ego of ARLG, acquired the property located at 16446 Little Garden in a fraudulent transfer.

119. Defendant Ruchama knew of defendant Singer's intent to defraud creditors, particularly the Plaintiffs.

120. The transfer by defendant Singer was to an insider, as Defendant Ruchama is defendant Singer's daughter-in-law.

121. Defendant Singer transferred the property to ARLG shortly before the entry of the Florida Judgment in favor of Plaintiffs in the amount of $250,000.00.

122. 16446 Little Garden would have been available for Plaintiffs to collect from but for defendant Ruchama's involvement in its conveyance.

123. Defendant Singer transferred the property with the intention to hinder, delay, or defraud Plaintiffs from recovering the $250,000.00 owed to them by defendants Singer and Taussig.

14

124.     Defendant Ruchama, as the alter ego of ARLG, purchased 16446 Little Garden for $100.00, which was not reasonably equivalent to the value of the asset transferred and was far below fair market value.

125.     Defendant Ruchama did not act in good faith as she knew or should have known of the fraudulent nature of the transfer.

126.     The transfer of 16446 Little Garden constitutes a fraudulent transfer and should be voided and recovered for the benefit of Plaintiffs.

127.     Defendant ARLG made the transfer of 16446 Little Garden with actual intent to defraud its creditors, including Plaintiffs.

128.     Defendant ARLG received less than reasonably equivalent value in exchange for its transfer of 16446 Little Garden.

129.     At the time of ARLG's transfer as aforesaid, it (i) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably believed that it would incur, debts beyond its ability to pay as they became due.

130.     By reason of the foregoing, Plaintiffs demand judgment piercing the company veil of ARLG, and holding that a judgment against ARLG is a judgment against Defendant Ruchama and vice versa.

## COUNT V - FRAUDULENT TRANSFER
(Defendant Herman & Sons LLC)

131.     Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

15

132.    H&S LLC acquired the property located at 16313 Little Garden in a fraudulent transfer.

133.    H&S LLC knew of defendant Singer's intent to defraud creditors, particularly the Plaintiffs.

134.    The transfer by defendant Singer was to an insider, as upon information and belief defendant H&S LLC is owned by defendant Singer's son(s), Herman and/or Aaron.

135.    Defendant Singer transferred the property to H&S LLC shortly before the entry of the Florida Judgment in favor of Plaintiffs in the amount of $250,000.00.

136.    16313 Little Garden would have been available for Plaintiffs to collect from but for defendant H&S LLC's involvement in its conveyance.

137.    Defendant Singer transferred the property with the intention to hinder, delay, or defraud Plaintiffs from recovering the $250,000.00 owed to them by defendants Singer and Taussig.

138.    Defendant Singer's name was on the Warranty Deed even though the sole owner of the property was 13 LLC.

139.    Defendant H&S LLC did not act in good faith as it knew or should have known of the fraudulent nature of the transfer.

140.    Defendant H&S LLC made the transfer of 164313 Little Garden with actual intent to defraud its creditors, including Plaintiffs.

141.    Defendant H&S LLC received less than reasonably equivalent value in exchange for its transfer of 16313 Little Garden.

142.    At the time of H&S LLC's transfer as aforesaid, it (i) was engaged or was about to engage in a business or a transaction for which its remaining assets were unreasonably

16

small in relation to the business or transaction, or (ii) intended to incur, or believed or reasonably believed that it would incur, debts beyond its ability to pay as they became due.

143.   By reason of the foregoing, the transfer of 16313 Little Garden constitutes a fraudulent transfer and should be voided and recovered for the benefit of Plaintiffs.

## COUNT VI – CONSPIRACY TO DEFRAUD
(Defendants Singer, Taussig, ARLG, Ruchama, H&S LLC, Herman, and Aaron)

144.   Plaintiffs incorporate and reallege paragraphs 1 through 74 above as if fully set forth herein.

145.   Defendant Singer, in concert with defendants Taussig, ARLG, Ruchama, H&S LLC, Herman, and Aaron, engaged in a scheme to dissipate assets through fraudulent transfers, with the intention of avoiding paying their debts to creditors, and in particular to avoid the payment of the judgment owed by defendants Singer and Taussig to the Plaintiffs.

146.   Each of the Defendants understood, accepted, and agreed to further the scheme and its objectives.

147.   The Defendants' scheme involved the fraudulent transfers of 16446 Little Garden, 16313 Little Garden, and 16477 Little Garden.

148.   As a result of Defendants' conspiracy to defraud, Plaintiffs have been unable to recover the amounts owed to them under their valid and enforceable judgment.

149.   By reason of the foregoing conspiracy to defraud, compensatory and punitive damages should be awarded in favor of Plaintiffs and against all Defendants, jointly and severally, in an amount to be determined at trial.

150.     By reason of the foregoing conspiracy to defraud, the transfers of 16446 Little Garden, 16313 Little Garden, and 16477 Little Garden should be avoided and recovered for the benefit of Plaintiffs.

151.     By reason of the foregoing, Defendants are liable to Plaintiffs in the total sum of at least $250,000.00, together with costs, interest, and attorneys' fees.

## **PRAYER**

**WHEREFORE**, Plaintiffs Allan Jacob and Sandra Jacob pray for judgment against Defendants Yisrael Taussig, Malka Singer Taussig, ARLG LLC, Ruchama Taussig, Herman & Sons LLC, Herman Taussig, and Aaron Taussig as follows:

a.  An award of actual, compensatory damages for the unlawful conduct of Defendants as set forth herein;

b.  The voidance of the transfer of 16446 Little Garden;

c.  The right to levy execution on 16446 Little Garden or its proceeds;

d.  The voidance of the transfer of 16313 Little Garden;

e.  The right to levy execution on 16313 Little Garden or its proceeds;

f.  The voidance of the transfer of 16477 Little Garden;

g.  The right to levy execution on 16477 Little Garden or its proceeds;

h.  An award of punitive damages for the unlawful conduct of Defendants as set forth herein;

i.  An award of reasonable attorneys' fees, costs, and expenses for this action;

j.  An award of pre-and post-judgment interest;

k.  Such other and further relief as this Court deems just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff demands trial by jury of all issues so triable.


Dated: May 1, 2025                              Respectfully submitted,

                                               /s/ Michal Edelkopf
                                               Michal Edelkopf
                                               Florida Bar No. 1049037
                                               Cohen Edderai LLP
                                               1132 Kane Concourse, Suite 205
                                               Bay Harbor Islands, FL 33154
                                               michal@cohenedderai.com
                                               Office: (786) 505-0431
                                               Fax: (786) 544-2619

                                               *Attorney for Plaintiffs Allan Jacob*
                                               *and Sandra Jacob*