Case 8:25-cv-01118-KKM-AAS   Document 1-3   Filed 05/01/25   Page 1 of 21 PageID 25



Rivka Teitelbaum <rivka@wolfferscohen.com>

# Activity in Case 8:23-cv-02703-KKM-AAS Jacob et al v. Bais Yisroel Community Center of Tampa Bay, LLC, et al Order on Motion for Attorney Fees

**cmecf_flmd_notification@flmd.uscourts.gov** <cmecf_flmd_notification@flmd.uscourts.gov>                    Tue, Sep 10, 2024 at 11:39 AM
To: cmecf_flmd_notices@flmd.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Middle District of Florida**

## Notice of Electronic Filing

The following transaction was entered on 9/10/2024 at 11:39 AM EDT and filed on 9/10/2024
**Case Name:**        Jacob et al v. Bais Yisroel Community Center of Tampa Bay, LLC, et al
**Case Number:**    8:23-cv-02703-KKM-AAS
**Filer:**
**WARNING: CASE CLOSED on 04/29/2024**
**Document Number:** 46(No document attached)

**Docket Text:**
**ENDORSED ORDER adopting [41] Report and Recommendations. Plaintiffs' [39] Second Motion for Attorney's Fees is GRANTED-IN-PART and DENIED-IN-PART. Signed by Judge Thomas P. Barber on 9/10/2024. (KMP)**

**8:23-cv-02703-KKM-AAS Notice has been electronically mailed to:**

Isaac Jaime Mitrani      imitrani@mitrani.com, dbitran@mitrani.com, jlopez@mitrani.com, miamidocketing@mitrani.com

Daniel Steven Bitran       dbitran@mitrani.com, cayala@mitrani.com

Rivka Teitelbaum      rivka@wolfferscohen.com

**8:23-cv-02703-KKM-AAS Notice has been delivered by other means to:**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALLAN JACOB and SANDRA
JACOB,

      Plaintiffs,

v.                            **Case No.: 8:23-cv-2703-KKM-AAS**

BAIS YISROEL COMMUNITY
CENTER OF TAMPA BAY, LLC,
et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Allan Jacob and Sandra Jacob (collectively, the plaintiffs) move for an award of attorney's fees, costs, and expenses in the amount of $33,041.36 against Defendants Bais Yisroel Community Center of Tampa Bay, LLC (BYCC), Yisrael Taussig (Taussig), and Malka Singer Taussig (Singer) (collectively, the defendants). (Doc. 39). For the reasons discussed below, it is **RECOMMENDED** that the plaintiffs' motion be **GRANTED-IN-PART AND DENIED-IN-PART**.

## I.    BACKGROUND

In August 2021, the plaintiffs loaned $250,000.00 to the defendants (the Loan), as evidenced by a promissory note (the Note). (Doc. 1, ¶ 5). Taussig and Singer executed personal guaranties on the Loan. (*Id.*, ¶ 7). The Loan was to

1

be used to buy a parcel of land the defendants in which the defendants claimed they would operate a school (the Property). (*Id.*, ¶ 4). Beyond their personal guaranties, Singer and Taussig, as managers of BYCC, granted the plaintiffs a second mortgage lien and security interest in the Property with a Mortgage, Assignment of Rents, and Security Agreement. (*Id.*, ¶ 10). The maturity date on the Note passed without repayment from the defendants. (*Id.*, ¶ 20).

On November 23, 2023, the plaintiffs filed a complaint asserting these claims: (1) breach of contract against the defendants (count I); (2) breach of contract against BYCC (counts II and III); (3) unjust enrichment against all defendants (count IV); and (4) foreclosure on mortgage deed against BYCC (count V). (Doc. 1). The defendants failed to answer or respond to the complaint and the Clerk entered a default. (Docs. 25, 29). The plaintiffs then moved for default judgment against the defendants. (Doc. 30). The undersigned denied the plaintiffs' motion without prejudice because the plaintiffs provided no support for their claims in violation of Local Rule 3.01(a), M.D. Fla. (Doc. 31).

On March 14, 2024, the plaintiffs renewed their motion for default judgment against the defendants. (Doc. 32). The defendants did not respond. The undersigned recommended the plaintiffs' motion for default judgment be granted in part and denied in part. (Doc. 33). The court adopted the undersigned's recommendation and granted the motion for default judgment on the plaintiffs' breach of contract claims for $250,000.00 but denied the

2

plaintiffs' request to foreclose on the mortgage deed and order judicial sale of the property. (Doc. 34, p. 1). The court held the plaintiffs "are also entitled to an award of their reasonable attorney's fees, costs, and other expenses incurred in litigating their breach of contract claims in an amount established by separate motion." (*Id.* at p. 3).

On May 13, 2024, the plaintiffs moved for a $21,476.40 award of attorney's fees, costs, and expenses against the defendants. (Doc. 37). The undersigned denied the plaintiffs' motion without prejudice because it violated Local Rule 7.01(c), M.D. Fla., and Eleventh Circuit case law. (Doc. 38). On June 28, 2024, the plaintiffs filed this renewed motion requesting attorney's fees of $33,041.36 and costs and expenses of $1,500.00.[1] (Doc. 39). The defendants did not respond to the motion.

## II. ANALYSIS

The undersigned will consider the defendants' request for attorney's fees, costs, and expenses in turn.

### A. Attorney's Fees

Florida federal courts in diversity actions, like Florida state courts, use the "lodestar method" in calculating what is a reasonable attorney's fee

---

[1] It is unclear why the plaintiffs' requests for attorney's fees and costs substantially increased with no subsequent filings (other than this renewed motion correcting the prior motion's deficiencies).

amount. *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 802 (11th Cir. 2014) (citing *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1151–52 (Fla. 1985)); *see also Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 963 (11th Cir.2008) ("We have consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law."). This "method requires the court to determine a 'lodestar figure' by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for the services of the prevailing party's attorney[s]." *Unum Life Ins. Co. of Am. v. Pawloski*, No. 8:13-cv-2290-T-36MAP, 2014 WL 3887513, at \*1 (M.D. Fla. Aug. 7, 2014) (citing *Rowe*, 472 So. 2d at 1151). "The lodestar amount may then be adjusted to reach a more appropriate fee amount." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, No. 14-60268-CIV-COHN/SELTZER, 2016 WL 3944033, at \*3 (S.D. Fla. Jan. 15, 2016) (citing *Rowe*, 472 So. 2d at 1151).

The initial burden of proving the attorney's fee requested is reasonable falls on the plaintiffs, who must submit evidence about the number of hours expended and the hourly rate claimed. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983); *Norman v. Hous. Auth. of City of Montgomery,* 836 F.2d 1292, 1303 (11th Cir. 1988). The court will address the reasonableness of the hourly rates charged by each timekeeper and then address the reasonableness of the time entries.

## 1. Reasonable Hourly Rate

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Gaines v. Dougherty Cty. Bd. of Edu.,* 775 F.2d 1565, 1571 (11th Cir. 1985). The relevant legal community is where the case is filed—Tampa, Florida. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). Most or all these factors are subsumed in the calculation of the lodestar:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of any professional relationship with the client; and (12) awards in similar cases.

*Norman,* 836 F.2d 1292 (citing *Johnson v. Ga. Hwy. Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974)).

The court determines the reasonableness of the rate charged by their congruity with "those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson,* 465 U.S. 886, 896 n. 11 (1984). A fee applicant may meet the burden to show the reasonable rate by producing either direct evidence of rates

charged under similar circumstances, or opinion evidence of reasonable rates. *Norman,* 836 F.2d at 1299. The plaintiffs were represented by five attorneys and two paralegals at the law firms Mitrani, Rynor, Adamsky & Toland, PA, and Cohen Edderai LLP.

In determining these timekeepers' reasonable hourly rate, the undersigned will consider their experience, Attorney Rivka Teitelbaum's declaration, the complexity of the case (a simple defaulted breach of contract action), and the undersigned's knowledge of the market rates in Tampa.

### a. Attorneys Rivka Teitelbaum and Michal Edelkopf

The plaintiffs request hourly rates ranging from $300.00 to $375.00 for Attorneys Rivka Teitelbaum and Michal Edelkopf, associates at Cohen Edderai LLP. (Doc. 39-1, pp. 4, 6). Attorneys Teitelbaum and Edelkopf received their law degrees in 2020 and 2023, respectively. (*Id.*).

Previously awarded hourly rates are between $195.00–$295.00 for associates with five or fewer years of experience. *See, e.g., Creative Choice Homes XXX, LLC v. Amtax Holdings 690, LLC*, No. 8:19-CV-01903-TPB-AAS, 2023 WL 2817366, at *5 (M.D. Fla. Apr. 5, 2023) (finding an hourly rate of $285.00 reasonable for attorneys with five years of experience); *Pass-A-Grille Beach Cmty. Church, Inc. v. City of St. Pete Beach*, No. 8:20-CV-1952-TPB-SPF, 2022 WL 1242482, at *2 (M.D. Fla. Apr. 11, 2022) (finding an hourly rate of

$195.00 reasonable for an associate attorney with two years of experience); *Plum Creek Tech., LLC v. Next Cloud, LLC,* No. 8:19-CV-1974-T-60CPT, 2020 WL 3317897, at *3 (M.D. Fla. June 3, 2020) (finding an hourly rate of $285.00 reasonable for attorney with five years of experience).

Given the previously awarded rates for similar legal services in cases with similar complexity in this district, this court finds an hourly rate of $250.00 reasonable for Attorneys Teitelbaum and Edelkopf.

### b. Attorneys William Talbot, Jonathan Edderai, and Daniel Bitran

The plaintiffs request hourly rates ranging from $360.00 to $500.00 for Attorneys William Talbot, Jonathan Edderai, and Daniel Bitran. (Doc. 39-1, pp. 4–6). Attorney Talbot is senior counsel at Cohen Edderai LLP, and received his law degree in 2012. (*Id.*, p. 5). Attorney Edderai is a partner at the Miami office at Cohen Edderai LLP and received his law degree in 2014. (*Id.*, p. 4). Attorney Bitran is a partner at Mitrani, Rynor, Adamsky & Toland, P.A., and practicing law since 2016. (*Id*, p. 6).

Previously awarded hourly rates are between $310.00–$410.00 for attorneys with fifteen or fewer years of experience. *See, e.g., Pass-A-Grille*, 2022 WL 1242482, at *2 (finding an hourly rate of $410.00 reasonable for attorney with over fourteen years of experience and $310.00 reasonable for attorney with over seven years of experience); *McCray v. Dietsch & Wright,*

*P.A.*, No. 8:18-CV-731-T-02SPF, 2020 WL 6565078, at *2 (M.D. Fla. Nov. 9, 2020) (finding $350 per hour was reasonable for an attorney with 20 years of experience); *Kominik v. Gulf Coast JJ's Holdings, LLC*, No. 8:17-CV-370-T-02AEP, 2019 WL 13267105, at *2 (M.D. Fla. June 20, 2019) (finding a rate of $350.00 an hour for an attorney with under twenty years' experience reflects the prevailing market rate); *Townsend v. Let's of Ocala, LLC*, No. 5:14-CV-611-OC-34PRL, 2015 WL 4591927, at *2 (M.D. Fla. July 28, 2015) (finding that a rate of $350 per hour was reasonable for an attorney with over ten years of experience).

Given the previously awarded rates for similar legal services in cases with similar complexity, the undersigned recommends the court find an hourly rate of $350.00 reasonable for Attorneys Talbot, Edderai, and Bitran.

### c. Paralegals Leiota Hutson and Louis Morelus

Leiota Hutson and Louis Morelus are paralegals. (Doc. 39-1, p. 7). Previously awarded hourly rates are between $125.00–$175.00 for paralegals. *See, e.g.*, *Creative Choice Homes XXX, LLC,* 2023 WL 2817366, at *8 (finding an hourly rate of $150.00 reasonable for a paralegal in a breach of contract action); *Suncoast Waterkeeper v. City of St. Petersburg*, No. 8:16-CV-3319-T-27AEP, 2020 WL 1512486, at *6 (M.D. Fla. Mar. 30, 2020) (finding an hourly rate of $150.00 reasonable for a paralegal). Given the previously awarded rates for similar legal services in cases with similar complexity in this district, the

8

undersigned recommends the court find an hourly rate of $150.00 is reasonable for paralegals Hutson and Morelus.

### d. Hourly Rate Reduction

In accordance with the above analysis, this represents a comparison of the requested hourly rates with the undersigned's recommended hourly rates:

| Timekeeper | Requested Hourly Rate | Recommended Hourly Rate |
| --- | --- | --- |
| Daniel Bitran | $500.00 | $350.00 |
| Jonathan Edderai | $475.00–$500.00 | $350.00 |
| William Talbot | $360.00–$385.00 | $350.00 |
| Rivka Teitelbaum | $350.00–$375.00 | $250.00 |
| Michal Edelkopf | $300.00 | $250.00 |
| Leiota Hutson | $160.00–$185.00 | $150.00 |
| Louis Morelus | $175.00 | $150.00 |

### 2. Reasonableness of Hours Expended

Next, the lodestar analysis requires the court to determine the reasonable number of hours the moving party's attorneys expended. *Rowe*, 472 So. 2d at 1150 (Fla. 1985). To prevail in their request for attorney's fees, the moving party must present accurate records that detail the work the timekeepers performed. (*Id*.). Attorneys must exercise billing judgment, which "means they must exclude from their fee applications excessive, redundant, or

9

otherwise unnecessary hours, which are hours that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quotations, citations, and emphasis omitted).

If the moving party requests compensation for unreasonably high hours expended on a case, a district court may either "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). An across-the-board reduction is appropriate to avoid the "pick and shovel work" of analyzing billing records. *Kenny A. v. Perdue*, 532 F.3d 1209, 1220 (11th Cir. 2008), *rev'd on other grounds*, 559 U.S. 542 (2010). "Trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So, trial courts may consider their overall sense of a suit and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

The plaintiffs' counsel's billing records reflect 92.02 hours of attorney and paralegal time incurred in this action. (Doc. 39-1, pp. 9–47). This number of hours is excessive for this simple breach of contract action in which the defendants never appeared, and the plaintiffs obtained a default judgment. Having reviewed the billing records and other documents submitted

10

in support of the plaintiffs' counsel's fee request, an across-the-board reduction is warranted to account for excessive and duplicative work billing, block billing, and time spent on tasks not included in the attorney's fees award or even part of this action.

"Hours that are excessive, redundant, or otherwise unnecessary should be pruned from a fee application." *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV-MARRA/JOHNSON, 2011 WL 13108095, at *7 (S.D. Fla. Apr. 7, 2011); *see also Hazleton v. City of Orlando*, No. 6:10-cv-342-Orl-36DAB, 2013 WL 5952427, at *6 (M.D. Fla. Nov. 4, 2013) ("[A] reduction is warranted where the attorneys are unreasonably doing the same work or have made it impossible for the court to recognize the distinct contributions of each lawyer."). The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the task. *Hensley*, 461 U.S. at 427, 432–33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F. 2d at 1301.

Numerous time entries in the billing records show multiple attorneys billing for the same internal communications with each other. (*See* Doc. 39-1, pp. 10–18, 20–21, 28–31, 33, 35, 41). This creates a redundancy. A redundancy in billing also occurs when a case is overstaffed. *See ECOM Products Grp. Corp.*

11

*v. Cox*, No. 8:21-CV-1573-WFJ-AEP, 2022 WL 13631780, at \*5 (M.D. Fla. Oct. 21, 2022) (finding reduction in hours necessary due in part to the excessive number of attorneys working on the case); *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 8:03-CV-1377-T-17MAP, 2011 WL 4382450, at \*10 (M.D. Fla. Aug. 9, 2011), report and recommendation adopted, No. 8:03-CV-1377-T-17MAP, 2011 WL 4382285 (M.D. Fla. Sept. 20, 2011) (finding reduction in hours necessary due in part to the excessive number of attorneys working on the case).

The plaintiffs request fees for seven timekeepers in this defaulted breach of contract action. (Doc. 39). It is unclear how 92.02 hours were expended on this case. The only substantive filings were a thirteen-page complaint, a motion for clerk's default, two motions for default judgment (four pages and seven pages, respectively), and two motions for attorney's fees and costs, with supporting affidavits (one page and three pages, respectively). (*See* Docs. 1, 23, 30, 37, 39). In addition, the plaintiffs refiling of the motion for default judgment and motion for attorney's fees and costs resulted from counsel's failure to comply with the Local Rules for the Middle District of Florida and Eleventh Circuit case law. (*See* Docs. 31, 38). However, the plaintiffs' request for attorney's fees includes those incurred because of counsel's erroneous filings, re-filings, and review of the orders directing re-filing. (*See* Doc. 39-1, pp. 10–15, 23–24, 35, 37, 39).

The plaintiffs' motion also does not account for their motion for default

12

judgment being granted in part and *denied in part*. (Doc. 34, p. 2) (emphasis added). Specifically, the plaintiffs were granted default on three of the five counts raised in their complaint. (*Id*.). The plaintiff's claim for unjust enrichment was pleaded in the alternative, and the request to foreclose on the mortgage deed and order the judicial sale of the property was denied. (*Id*.). The plaintiffs' billing records offer no deductions for the denied portions of the motion for default judgment. (*See* Doc. 39-1).

The court's order granting in part the plaintiffs' motion for default judgment states the plaintiffs are "entitled to an award of their reasonable attorney's fees, costs, and other expenses incurred in litigating their *breach of contract claims*." (*Id.* at p. 3) (emphasis added). Numerous billing entries include time spent on research and investigation involving post-judgment collection. (*See* Doc. 39-1, pp. 10–18, 20–21, 28–31). Indeed, almost the entirety of Attorney Edelkopf's billing entries involve post-judgment collections efforts. (*Id,* pp. 28–31). Attorney Teitelbaum's billing records also include several billing entries involving post-judgment recovery. (*Id.*, pp. 10–12). These fees were not awarded to the plaintiffs' counsel through the default judgment or otherwise.

It also appears some of the plaintiffs' counsel's billing entries are not for work performed in this action. For example, these billing entries do not encompass work in this federal action:

On November 7, 2023, Attorney Teitelbaum billed "Draft Notice of Appearance, motion to withdraw, and draft order for church lawsuit" for 1.36 hrs. (Doc. 39-1, p. 17).

On February 4, 2024, Attorney Teitelbaum billed "Confer with JE on settlement; call with ME redrafting answer to church suit" for 0.96 hrs. (*Id.*, p. 13).

On February 12, 2024, Attorney Teitelbaum billed "Call with client re update, settlement offer" for .3 hrs. (*Id.*, p. 14).

On February 7, 2024, Attorney Teitelbaum billed "Call with church attorney Fred Mills; call with JE re same; research lis pendens" for 1.84 hrs. (*Id.*).

On April 2, 2024, Attorney Edelkolpf billed "Call with RT to discuss case; research; draft answer" for 2.33 hrs. (*Id.*, p. 31).

On April 17, 2024, Attorney Teitelbaum billed "Draft answer to state court case; research affirmative defenses" for 0.96 hrs. (*Id.*).

On April 18, 2024, Attorney Teitelbaum billed "Review Hillsborough docket; finalize Answer and coordinate filing with JE" for .56 hrs. (*Id.*, p. 12). That same day, Attorney Edderai billed "Filing answer" for .01 hrs. (*Id.*, p. 20).

It is unclear what the "church suit" is, whether the plaintiffs were communicating with the defendants or counsel about settlement, and why the plaintiffs' counsel is billing for drafting and filing an answer when their clients were the plaintiffs in this action.

Finally, the plaintiffs' timekeepers at Cohen Edderai LLP repeatedly block-billed their time entries. (*See* Doc. 39-1, pp. 10–18, 20–21, 28–31, 45–

14

47).[2] "Block billing is the practice of including multiple distinct tasks within the same time entry." *Bioresource Tech., Inc. v. High*, No. 21-CV-60854, 2022 WL 4287599, at *4 (S.D. Fla. Aug. 8, 2022), report and recommendation adopted, No. 21-60854-CIV, 2022 WL 3907902 (S.D. Fla. Aug. 31, 2022) (citation and internal quotation marks omitted). "Block billing is impermissible because it frustrates the Court's ability to determine which portion of the fees billed at a particular time are recoverable." *Behav. Analyst Certification Bd., Inc. v. Rodriguez*, No. 1:21-CV-22834, 2022 WL 4468606, at *16 (S.D. Fla. July 29, 2022), report and recommendation adopted as modified, No. 21-22834-CIV, 2022 WL 4466621 (S.D. Fla. Sept. 26, 2022) (citing *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *6 (S.D. Fla. Feb. 14, 2019)). Thus, this also warrants a reduction.

The court is well-positioned to make its own determination. "[T]he computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436). After consideration of the above and the undersigned's own knowledge about reasonable billing practices and time

---

[2] For example, on January 9, 2024, Attorney Teitelbaum billed "Research default judgment for FLMD; review leg stay law; confer on same with WT and JE; leave vm for code enforcement officer re latter; draft and file docs for default re LLC" for 2.16 hrs. (Doc. 39-1, p. 15).

expenditures, the court finds it necessary for an across-the-board reduction of hours expended by 65%. *See, e.g.*, *Martinez v. Hernando Cnty. Sheriff's Off.*, 579 F. App'x 710, 715 (11th Cir. 2014) (affirming 75% reduction); *DJ Lincoln Enterprises, Inc. v. Google, LLC*, No. 20-CV-14159, 2022 WL 4287640, at *12 (S.D. Fla. July 28, 2022), report and recommendation adopted, No. 2:20-CV-14159, 2022 WL 3754182 (S.D. Fla. Aug. 30, 2022)) (adopting 60% reduction for block billing and excessive billing); *McCray*, 2020 WL 6565078, at *4 ("The Court chooses the latter and applies a 65 percent reduction because the hours are excessive and redundant"); *d'Amico Dry d.a.c. v. Nikka Fin., Inc.*, No. CV 1:18-00284-KD-MU, 2019 WL 2995922, at *7 (S.D. Ala. July 9, 2019) (finding "the number of hours expended exceeds what the court considers reasonable by 65%" for excessive and redundant billing).

The undersigned recommends the court find a 65% reduction is appropriate. These are the reduced hours for each timekeeper:

| Timekeeper | Requested Hours | Hours After 65% Reduction |
|---|---|---|
| Daniel Bitran | 3.3 | 1.16 |
| Jonathan Edderai | 7.03 | 2.46 |
| William Talbot | 11.1 | 3.89 |
| Rivka Teitelbaum | 50.27 | 17.59 |
| Michal Edelkopf | 14.62 | 5.12 |

16

| Leiota Hutson | 2.6 | 0.91 |
|---|---|---|
| Louis Morelus | 3.1 | 1.09 |

### 3. Lodestar for Reasonable Attorney's Fee Award

The reduced billing hours applied to the reduced hourly rates is:

| Timekeeper | Total Hours | Hours After 65% Reduction | Reasonable Hourly Rate | Total Fee |
|---|---|---|---|---|
| Daniel Bitran | 3.3 | 1.16 | $350.00 | $406.00 |
| Jonathan Edderai | 7.03 | 2.46 | $350.00 | $861.00 |
| William Talbot | 11.1 | 3.89 | $350.00 | $1,361.50 |
| Rivka Teitelbaum | 50.27 | 17.59 | $250.00 | $4,397.50 |
| Michal Edelkopf | 14.62 | 5.12 | $250.00 | $1,280.00 |
| Leiota Hutson | 2.6 | 0.91 | $150.00 | $136.50 |
| Louis Morelus | 3.1 | 1.09 | $150.00 | $163.50 |
| TOTAL | | | | $8,606.00 |

### B. Costs and Expenses

The plaintiffs request reimbursement of their costs "for asset searches conducted for each of the individual defendants, i.e. Yisrael Taussig and Malka Taussig. Each asset search conducted totaled $750.00, for a total of $1,500.00." (Doc. 39, p. 3). Although the plaintiffs are entitled to recover taxable costs,

17

Congress has specified and limited which costs are recoverable as taxable costs.[3] Because Section 1920 does not refer to asset searches, they are not recoverable under Section 1920. *See* 28 U.S.C. § 1920.

However, Rule 54(d)(2) allows a party to request reimbursement for nontaxable costs or expenses related to attorney's fees. Fed. R. Civ. P. 54(d)(2). The requesting party must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award" and "state the amount sought or provide a fair estimate of it." Fed. R. Civ. P. 54(d)(2)(B)(ii–iii). The court's order granting in part the plaintiffs' motion for default judgment in part awarded costs and expenses. (Doc. 34, p. 3). The Note provides in the event of default, "Lender may also recover all costs of suit and other expenses in connection therewith . . ." (Doc. 32-1, p. 1). The Mortgage Deed similarly provides that "[i]n the event of any action by Mortgagee to enforce collection of [the Loan], Mortgagor agrees that any expense incurred in connection therewith . . . shall be paid by Mortgagor together with all of the costs of such action." (*Id.*, p. 7).

---

[3] "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." 28 U.S.C. § 1920.

The plaintiffs have met their burden for an award of non-taxable expenses. *See* Local Rule 7.01(c)(5)(A)–(B), M.D. Fla. ("[T]he party claiming fees and expenses must file a supplemental motion that . . . includes for a disputed non-taxable expense: a receipt for, or other evidence of, the expense and lead counsel's verification that counsel incurred the expense"). The plaintiffs verified the payment of non-taxable expenses incurred by attaching the paid invoices and receipts. (Doc. 39-1, pp. 7; Doc. 39-2, pp. 1–2). Therefore, the undersigned recommends the court find the defendants are entitled to non-taxable expenses of $1,500.00.

## III. CONCLUSION

Accordingly, the undersigned **RECOMMENDS** the plaintiffs' motion for an award of attorney's fees and expenses (Doc. 39) be **GRANTED-IN-PART AND DENIED-IN-PART**:

(1) The plaintiffs be awarded its reasonable attorney's fees of **$8,606.00** against the defendants, and

(2) The plaintiffs be awarded their non-taxable expenses of **$1,500.00** against the defendants.

**ENTERED** in Tampa, Florida on August 23, 2024.

_Amanda Arnold Sansone_

AMANDA ARNOLD SANSONE
United States Magistrate Judge

19

## <u>NOTICE TO PARTIES</u>

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.