## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ALLAN JACOB and SANDRA JACOB,**

       **Plaintiffs,**

**v.**                                    **Case No.: 8:25-cv-1118-KKM-AAS**

**YISRAEL TAUSSIG et. al.,**

       **Defendants,**

_____/

## <u>REPORT AND RECOMMENDATION</u>

Plaintiffs Allan Jacob and Sandra Jacob (collectively, the plaintiffs) move for entry of default judgment against Defendants Yisrael Taussig (Yisrael), Malka Singer Taussig (Singer), Ruchama Taussig (Ruchama), Herman Taussig (Herman), Aaron Taussig (Aaron), ARLG, LLC. (ARLG), and Herman & Sons, LLC. (H&S). (Doc. 34). For the reasons below, the undersigned **RECOMMENDS** that the plaintiffs' motion be **GRANTED** in part**.**

## I.    PROCEDURAL HISTORY

On May 1, 2025, the plaintiffs filed a six-count complaint against the defendants for fraudulent transfer and conspiracy to defraud.[1] (Doc. 1). On

---

[1] The plaintiffs allege conspiracy to defraud against all the defendants. The plaintiffs allege two counts of fraudulent transfer against Singer, and one count of fraudulent transfer against Ruchama, ARLG LLC., and Herman & Sons LLC.

July 9, 2025, the Clerk entered a default against all the defendants. (Doc. 33). The plaintiffs then moved for final default judgment. (Doc. 34).

## II.    BACKGROUND

In August 2021, the plaintiffs loaned $250,000.00 to Yisrael, Singer, and Bais Yisroel Community Center of Tampa Bay, LLC (BYCC). (Doc. 1, p. 3). Under the promissory note, Defendants Yisrael and Singer were personal guarantors of the loan. (Doc. 1, p. 3). The loan was due on August 2, 2023. (Doc. 1, p. 3). Yisrael and Singer defaulted on the loan, and there has been no repayment of the loan. (Doc. 1, p. 3).

On November 27, 2023, the plaintiffs filed suit against Yisrael, Singer, and BYCC. On April 29, 2024, a default judgment was entered against Yisrael, Singer, and BYCC in the amount of $250,000, plus attorney's fees and expenses in the amount of $10,106.00. The plaintiffs have been unable to collect on the judgment.

The plaintiffs bring the instant suit alleging the defendants made fraudulent transfers and committed conspiracy to defraud by transferring certain properties to avoid collection efforts. The plaintiffs allege while the original lawsuit was still pending, Defendants Yisrael and Singer "sought to sell off all their assets in order to avoid paying the $250,000 judgment." (Doc. 34). The plaintiffs seek these remedies: (1) the voidance of the transfer of 16446 Little Garden; (2) the right to levy execution on 16446 Little Garden or its

2

proceeds; (3) the voidance of the transfer of 16313 Little Garden; (4) the right to levy execution on 16313 Little Garden or its proceeds; (5) the voidance of the transfer of 16477 Little Garden; (6) the right to levy execution on 16477 Little Garden or its proceeds; (7) an award of punitive damages for the unlawful conduct of defendants; (8) an award of reasonable attorneys' fees, costs, and expenses for this action; and (9) an award of pre-and post-judgment interest.

## III.  JURISDICTION

The court has diversity jurisdiction over this action. There is complete diversity between the parties, and the amount in controversy exceeds $75,000. The court has personal jurisdiction over the defendants, pursuant to Florida's long arm statute, because they possess real property within Florida. (Doc. 1, ¶¶ 1−12).

## IV.  STANDARD OF REVIEW

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process for obtaining default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the clerk of court may enter a clerk's default. *See* Fed. R. Civ. P. 55(a). Second, after entry of the clerk's default, the court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan*

3

*v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (internal quotation and citation omitted).

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment under Rule 55(b). *See United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.*" Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If the admitted facts are sufficient to establish liability, the court must then determine the appropriate damages and enter final judgment in that amount. *See Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004).

## V.    ANALYSIS

The complaint alleges five separate counts of fraudulent transfer. The complaint alleges the transfers were made by the defendants and through entities, which were alter egos of the named defendants.

Florida law applies because Florida is the forum state. *See Hendricks v. Smartvideo Technologies, Inc.*, 511 F. Supp. 2d 1219, 1225 (M.D. Fla. 2007) ("In

4

diversity cases, the Court applies the substantive law of the forum"). Florida law applies the Florida Uniform Fraudulent Transfer Act (FUFTA). Florida statute section 726.105 recognizes actual and constructive fraudulent transfers. Under Florida law, an actual fraudulent transfer occurs when the debtor transfers with "actual intent to hinder, delay, or defraud any creditor of the debtor." Fla. Stat. § 726.105(1)(a). Given the difficulty in establishing actual intent, the court considers the totality of the circumstances and the presence of certain badges of fraud to determine whether actual intent exists. *See* Fla. Stat. § 726.105(2); *Kapila v. Warburg Pincus, LLC*, No. 8:21-CV-2362-CEH, 2024 WL 1382398 at * 7 (M.D. Fla. Mar. 31, 2024); *In re XYZ Options, Inc.*, 154 F.3d 1262, 1271 (11th Cir. 1998). The badges of fraud include:

> (a) The transfer or obligation was to an insider.
> (b) The debtor retained possession or control of the property transferred after the transfer.
> (c) The transfer or obligation was disclosed or concealed.
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (e) The transfer was of substantially all the debtor's assets.
> (f) The debtor absconded.
> (g) The debtor removed or concealed assets.
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Fla. Stat. § 726.105(2). At least two badges of fraud may support a finding of actual intent to defraud. *See Mane FL Corp. v. Beckman*, 355 So. 3d 418, 426 (Fla. 4th DCA 2023) (finding two or three badges of fraud can be enough); *Harper v. United States*, 769 F. Supp. 362, 367 (M.D. Fla. 1991) (concluding "[l]ack of consideration for the transfer, a close family relationship between transferor and transferee, pending or threatened litigation, and insolvency or substantial indebtedness can indicate fraudulent intent"). The existence of badges of fraud creates a prima facie case of a fraudulent transfer. *Id.*

Florida law also recognizes a constructive fraudulent transfer. Constructive fraudulent transfers occur when a debtor transfers money "[w]ithout receiving a reasonably equivalent value in exchange[,]" and if (1) the debtor's remaining assets "[are] unreasonably small in relation to the business" or (2) the debtor "[believes] that he or she [will] incur[ ] debts beyond his or her ability to pay as [the debts] bec[o]me due." Fla. Stat. § 726.105(b); *Wiand v. Fam. Tree Est. Plan., LLC*, No. 8:21-CV-361-SDM-AAS, 2023 WL 3009869 at *6 (M.D. Fla. Mar. 24, 2023), *appeal dismissed*, No. 23-12473-E, 2024 WL 359383 (11th Cir. Jan. 12, 2024).

Under the alter ego theory, a plaintiff may pierce the corporate veil and bring a fraudulent transfer claim. "To pierce the corporate veil, . . . a claimant must prove each of the following three factors: (1) the shareholder dominated the corporation to such an extent that the corporation had no independent

6

existence and the shareholder was the alter ego of the corporation; (2) the corporate form was used fraudulently or for an improper purpose; and (3) the claimant was injured as a result." *Wurtzebach v. Flooring Depot FTL, Inc.*, 384 So. 3d 251, 254 (Fla. 4th DCA 2024). Establishing improper conduct "requires proof that 'the corporation was actually organized or used to mislead creditors or to perpetrate fraud upon them.'" *Id.* (citing *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1119–20 (Fla. 1984)).

## A.   COUNT I – FRAUDUELNT TRANSFER AGAINST SINGER – 16446 LITTLE GARDEN

The complaint alleges Singer, through 46 Little Garden LLC (46 LLC), fraudulently transferred 16446 Little Garden to ARLG. The complaint also alleges Singer is the alter ego of 46 LLC.

The complaint successfully alleges Singer is the alter ego of 46 LLC. (Doc. 1, ¶¶ 50−57). 46 LLC had no independent existence from Singer because Singer intermingled 46 LLC's assets with her own and made all financial and executive decisions. (Doc. 1, ¶¶ 52, 55). 46 LLC was used to transfer Singer's assets and defraud creditors. (Doc. 1, ¶¶ 54, 78−83). The plaintiffs were injured as a result because Singer no longer had assets from which the plaintiffs could collect to satisfy the judgment. (Doc. 1, ¶¶ 57, 79−80).

The complaint also successfully alleges Singer, through 46 LLC, fraudulently transferred 16446 Little Garden to ARLG. The complaint

successfully pleads both actual and constructive fraudulent transfers. The transfer was made with actual intent to hinder, delay, or defraud the plaintiffs. The complaint pleads at least four badges of fraud: (1) the transfer was made to an insider because ARLG is owned by Singer's daughter in law, Ruchama (Doc. 1, ¶ 81); (2) the debtor had been sued prior to the transfer (Doc. 1, ¶ 78); (3) Singer retained possession and control of the property (Doc. 1, ¶ 86); and (4) the transfer occurred shortly before the $250,000 debt was incurred (Doc. 78, 80). Therefore, the complaint establishes a prima facie case of an actual fraudulent transfer.

The transfer was also constructively fraudulent because Singer, through 46 LLC received less than reasonably equivalent value and (i) engaged in a transaction for which remaining assets were unreasonably small in relation to the transaction or (ii) believed or reasonably believed he would incur, debts beyond her ability to pay as they became due. (Doc. 1, ¶¶ 88, 89). Singer, through 46 LLC, conveyed 16446 Little Garden to ARLG for $100, which is less than reasonably equivalent value. (Doc. 1, ¶ 27). Singer reasonably believed a judgment may be entered against him, which would be beyond her ability to pay. (Doc. 1, ¶¶ 78, 80).

Thus, Singer, through her alter ego 46 LLC, fraudulently transferred 16446 Little Garden to ARLG. It is recommended default judgment be **GRANTED** as to Count I.

8

**B.     COUNT II – FRAUDULENT TRANSFER AGAINST SINGER – 16313 LITTLE GARDEN DRIVE**

The complaint alleges Singer, through 13 Little Garden LLC (13 LLC), fraudulently transferred 16316 Little Garden Drive to H&S. (Doc. 1, ¶¶ 91−103). The complaint also alleges Singer is the alter ego of 13 LLC. (Doc. 1, ¶¶ 58−66).

The complaint successfully alleges Singer is the alter ego of 13 LLC. (Doc. 1, ¶¶ 58−66). 13 LLC had no independent existence from Singer because Singer intermingled 13 LLC's assets with her own and made all financial and executive decisions. (Doc. 1, ¶¶ 60, 63). 13 LLC was used to transfer Singer's assets and defraud creditors. (Doc. 1, ¶¶ 61, 94−96). The plaintiffs were injured as a result because Singer no longer had assets from which the plaintiffs could collect to satisfy the judgment. (Doc. 1, ¶¶ 65, 95−96).

The complaint also successfully alleges Singer, through her alter ego 13 LLC, fraudulently transferred 16316 Little Garden Drive to H&S. The complaint successfully pleads an actual fraudulent transfer. The transfer was made with actual intent to hinder, delay, or defraud the plaintiffs. The complaint pleads at least four badges of fraud. The transfer was made to an insider because H&S is owned by Singer's sons, Aaron and Herman. The remaining badges are the same as described in Count I. Therefore, the complaint establishes a prima facie case of an actual fraudulent transfer;

9

Singer, through her alter ego 13 LLC, fraudulently transferred 16316 Little

Garden Drive to H&S. It is recommended default judgment be **GRANTED** as

to Count II.

### C.     COUNT III and IV – FRAUDULENT TRANSFER AGAINST ARLG AND RUCHAMA – 16446 LITTLE GARDEN

The complaint alleges ARLG fraudulently transferred 16446 Little

Garden to H&S. The complaint also alleges Ruchama is the alter ego of ARLG.

Count III alleges ARLG knowingly received the fraudulent transfer of 16446

Little Garden from Singer (Doc. 1, ¶ 111), and that ARLG "made the transfer

. . . with actual intent to defraud its creditors." (Doc. 1, ¶ 112). The complaint

alleges ARLG transferred 16446 Little Garden to H&S. (Doc. 1, ¶ 31). Count

IV alleges a Ruchama fraudulently transferred the property because she is the

alter ego of ARLG. (Doc. 1, ¶ ¶ 117, 127).

The complaint successfully alleges ARLG is the alter ego of Ruchama.[2]

ARLG had no independent existence from Ruchama because Ruchama

intermingled ARLG's assets with her own and made all financial and executive

decisions. (Doc. 1, ¶¶ 68−69, 72). ARLG was used to facilitate the transfer of

Singer's assets to defraud creditors. (Doc. 1, ¶¶ 71, 74). The plaintiffs were

---

[2] "Federal courts generally find that alter ego is not a separate cause of action for which relief can be granted*." ZSR Patlayici Sanayi A.S. v. Sarac Distributors LLC*, No. 219CV864FTM38MRM, 2020 WL 1065231 at *3 (M.D. Fla. Mar. 5, 2020) (citation and internal quotations omitted). However, establishing alter ego serves as a theory to impose liability for the acts of an entity. *Id*.

injured as a result because Singer no longer had assets from which the plaintiffs could collect to satisfy the judgment. (Doc. 1, ¶ 74).

The complaint also successfully alleges ARLG, Ruchama's alter ego, fraudulently transferred 16446 Little Garden to H&S. The transfer was made with actual intent to hinder, delay, or defraud the plaintiffs. The complaint pleads badges of fraud and other indicators of actual fraud in the transaction. The transfer from ARLG to H&S was made to an insider because H&S is owned by the sons of Yisreal and Singer, and Ruchama, the alter ego of ARLG, is Singer's daughter-in-law. (Doc. 1, ¶¶ 33−34, 49). In other words, Ruchama, through ARLG, transferred 16446 Little Garden to another family member. *See Beckman*, 355 So.3d at 426 ("Under Florida law, an insider includes a relative of a . . . person in control of the debtor) (quoting Fla. Stat. § 726.102(8)(b)(6) (internal quotations omitted). The complaint also alleges ARLG knew or should have known of the fraudulent nature of the transactions and ARLG received the property for less than reasonably equivalent value. Given the totality of the circumstances pleaded in the complaint, ARLG's apparent actual intent to assist Singer in defrauding creditors is sufficiently pleaded.[3] *See Beckman*, 355 So.3d at 426 ("The language of the [actual fraud]

---

[3] Significantly, the property transfer occurred between family members before a significant judgment was entered against a member of the family.

statute makes clear that the badges of fraud are nonexclusive and that courts may consider other factors in determining a debtor's intent") (citation omitted). Therefore, the transfer from ARLG to H&S is an actual fraudulent transfer. It is recommended default judgment be **GRANTED** as to Count III and Count IV.

### D. COUNT V – FRAUDULENT TRANSFER AGAINST H&S LLC –16313 LITTLE GARDEN

Count V alleges a fraudulent transfer against H&S relating to 16313 Little Garden. The complaint does not allege H&S made a fraudulent transfer of the property. Rather, the complaint alleges H&S received the fraudulent transfer from Singer, through her alter ego 13 LLC. As addressed above, Count II successfully pleads a fraudulent transfer from 13 LLC to H&S. The complaint does not successfully plead H&S facilitated an additional fraudulent transfer.[4] It is recommended default judgment be **DENIED** as to Count V.

### E. COUNT VI – CONSPIRACY TO DEFRAUD

Count VI alleges Singer, Yisrael, ARLG, Ruchama, H&S, Herman, and Aaron participated in a conspiracy to defraud. Under Florida law, a claim for civil conspiracy requires: "(a) an agreement between two or more parties, (b) to

---

[4] The only mention of H&S itself transferring the property is "Defendant H&S LLC made the transfer of 164313 Little Garden with actual intent to defraud its creditors, including Plaintiffs." (Doc. 1, ¶¶ 140, 141). Without more, this allegation is insufficient.

do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy and (d) damage to plaintiff as a result of the acts done under the conspiracy." *Regions Bank v. Kaplan*, 258 F. Supp. 3d 1275, 1298 (M.D. Fla. 2017) (citation omitted). A conspiracy claim must include an independent underlying tort or wrong. *Id.* ("a conspiracy claim requires that the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person") (citation and quotation omitted). A conspiracy imputes the wrongful acts of a coconspirator to another coconspirator to establish joint and several liability. *Lorillard Tobacco Co. v. Alexander*, 123 So. 3d 67, 80 (Fla. 3d DCA 2013).

The complaint successfully pleads a civil conspiracy to defraud. The complaint alleges a knowing agreement between the defendants to "dissipate assets through fraudulent transfers" to avoid paying a judgment owed by Yisrael and Singer to the plaintiffs. (Doc. 1, ¶ 145). Fraudulent transfers of property were the underlying wrong and unlawful means of furthering the conspiracy to defraud the plaintiffs. The plaintiffs were harmed because the plaintiffs would have been able to satisfy their judgment from the properties held by Singer had they not been fraudulently transferred. It is recommended default judgment be **GRANTED** as to Count VI.

## VI.    SUMMARY OF COUNTS

The plaintiffs are entitled to default judgment on the following counts: Count I the voidance of the fraudulent transfer of 16446 Little Garden from 46 LLC, Singer's alter ego, to ARLG.; Count II the voidance of the fraudulent transfer of 16313 Little Garden from 13 LLC, Singer's alter ego, to H&S. Count III and IV the voidance of the fraudulent transfer of 16446 Little Garden from ARLG, Ruchama's alter ego, to H&S. The plaintiffs are also entitled to default judgment on Count VI conspiracy to defraud relating to 16446 Little Garden and 16313 Little Garden.

The plaintiffs are not entitled to default judgment on Count V because the complaint does not sufficiently plead H&S fraudulently transferred the property. The plaintiffs are not entitled to void the transfer of 16477 Little Garden because the complaint does not plead sufficient facts to allow the court to conclude a fraudulent transfer occurred as to this property.[5] *See* Doc. 1, ¶¶ 43−49.

## VII.    REMEDIES

The plaintiffs request the voidance of the transfers involving 16446 Little Garden, 16313 Little Garden, and 16477 Little Garden and the right to

---

[5] The transfer involving 16477 Little Garden is not described in a count of the complaint. The transfer is only briefly described in the "Facts" section, under a mislabeled heading. (Doc. 1, ¶¶ 43−49).

14

levy execution on each property. They also request an award of compensatory damages, punitive damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, and other relief as the court deems proper.

After liability is established, federal courts then address the terms of the judgment. *Rustik Haws, LLC v. Identiqa Sols. Co.*, No. 8:21-CV-00565-MSS-AEP, 2025 WL 470225 at * 14 (M.D. Fla. Feb. 12, 2025). "A default judgment must not differ in kind from or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The moving party bears the burden of proving unliquidated or unspecified monetary sums in a hearing on damages or otherwise. *Rustik Haws*, 2025 WL 470225 at * 14; *see* Fed. R. Civ. P 55(b)(1)–(2). The court must ensure there is a legitimate basis for awarding damages, and ensure damages are not awarded solely because of a defendant's failure to respond. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). However, well-pleaded damages are admitted by a default, and a hearing on damages may not be necessary. *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015).

Florida statute section 726.108 lists the available creditor remedies for fraudulent transfers. Among other remedies, the Section provides a creditor may obtain "[a]voidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim." Fla. Stat. § 726.108(1)(a). The Section also provides, "[i]f a creditor has obtained a judgment on a claim against the debtor,

15

the creditor, if the court so orders, may levy execution on the asset transferred or its proceeds." Fla. Stat. § 726.108(2). Because civil conspiracy is not an independent action, but rather a vehicle to establish joint and several liability, the plaintiffs must establish damages through the underlying fraudulent transfers. *See generally Benessere Inv. Group, LLC v. Swider*, No. 24-CV-21104-RAR, 2025 WL 2549979 at * 12 (S.D. Fla. Sept. 4, 2025).

Pursuant to Florida statute section 726.108 and the requested relief, the court should void the transfers involving 16446 Little Garden from 46 LLC to ARLG and ARLG to H&S. In addition, the transfer involving 16313 Little Garden from 13 LLC to H&S should be voided. However, any transfer involving 16477 Little Garden should not be voided because the complaint does not allege facts to establish a voidable fraudulent transfer.

Pursuant to Florida statute section 726.108(2) and the requested relief, the plaintiffs should be granted the right to levy execution on 16446 Little Garden and 16313 Little Garden. However, the plaintiffs should not be granted the right to levy execution against 16477 Little Garden because the complaint does not allege facts to establish a voidable fraudulent transfer.

The plaintiffs' remaining requests, including compensatory damages, punitive damages, attorneys' fees and costs, and pre- and post- judgment interest are unspecified monetary sums. A hearing on damages is unnecessary because the plaintiffs are unable to recover such relief.

16

A creditor cannot obtain punitive damages against a fraudulent transferor. *See SE Prop. Holdings, LLC v. Welch*, 65 F.4th 1335, 1347 (11th Cir. 2023) (analyzing the FUFTA and Florida case law to conclude "it appears that a creditor cannot obtain punitive damages against a transferor in pursuing a claim under FUFTA"). Similarly, a creditor cannot obtain attorney's fees against a fraudulent transferor. *Id.* at 1350 (concluding that the Florida Supreme Court would find that FUFTA does not permit the recovery of attorney's fees by a creditor).

Further, the Section does not authorize actual or compensatory damages for unlawful conduct. The only part of the FUFTA that expressly addresses monetary damages is section 726.109(2), which provides, "the creditor may recover a money judgment for the value of the asset transferred." *Welch*, 65 F.4th at 1344. The judgment may be entered against "either (1) '[t]he first transferee of the asset or the person for whose benefit the transfer was made' or (2) '[a]ny subsequent transferee other than a good faith transferee.'" *Id.* (quoting Fla. Stat. § 726.109(2)). The plaintiffs do not request the monetary relief authorized by the FUFTA.  Lastly, because no monetary damages should be awarded, the plaintiffs are not entitled to pre- and post- judgment interest.

## VIII. CONCLUSION

For the reasons stated, the undersigned **RECOMMENDS** that the plaintiffs' Motion for Final Default Judgment (Doc. 34) be **GRANTED** in part.

17

Default judgment on Count I should be granted and the transfer of 16446 Little Garden from 46 LLC, Singer's alter ego, to ARLG should be voided. Default judgment on Count II should be granted and the transfer of 16313 Little Garden from 13 LLC, Singer's alter ego, to H&S should be voided. Default judgment on Counts III and IV should be granted and the transfer of 16446 Little Garden from ARLG, Ruchama's alter ego, to H&S should be voided. The plaintiffs should be granted the right to levy execution on 16446 Little Garden and 16313 Little Garden. Default judgment on Count V should be denied. Default judgment on Count VI should be granted in part to the extent the conspiracy to defraud included 16446 Little Garden and 16313 Little Garden.

**ENTERED** in Tampa, Florida, on November 24, 2025.

Amanda Arnold Sansone
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely under 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual

findings and legal conclusions. 11th Cir. R. 3-1.